## FAULKNER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1907.)

No. 1,616.

Post Office—Offenses Against Postal Laws—Using Mails to Defraud.

The fact that a circular sent out by mail by a commission merchant to advertise his business contained some exaggerations as to his facilities for handling property consigned to him, or that he failed to settle with some of his patrons, is not sufficient to establish a scheme or artifice to defraud, which will support an indictment under Rev. St. 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696], for fraudulent use of the mails.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 55.

Use of mails to defraud, see note to Timmons v. United States, 30 C. C. A. 86.]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

Sterling A. Wood (Fred S. Ferguson and Zell Gaston, on the brief), for plaintiff in error.

Oliver D. Street, U. S. Atty.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. The plaintiff in error was tried on two indictments for violating Rev. St. U. S. § 5480, as amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]. This statute provides for the punishment of one "who, having devised a scheme or artifice to defraud," to be effected by the use of the mails, posts a letter to carry out the scheme. The plaintiff in error was engaged in business in Birmingham under the name of the "Birmingham Commission Company," and the chief element in the alleged scheme to defraud was the issuance by him of a circular which it was alleged and proved he sent by mail to his customers and to those of whom he solicited business. The circular is as follows:

### "Our Facilities.

"We are pleased to inform our patrons of our cold storage arrangements, which facilitates us in caring for perishable foods, both farm and sea products. We have a cold air storage capacity of about 120 lbs. fresh fish, 200 buckets oysters, 500 cases eggs, 50 bbls. poultry, 2,000 lbs. butter, 300 crates berries and vegetables.

"This storage is thoroughly illuminated, enabling us to display consignments. We find, under this refrigeration, that perishable commodities show up fresh and healthy, and naturally sell to better advantage.

"Our policy is prompt services, immediate reports, accurate accounts, and profitable results. Unless we can benefit our patrons, we can't expect their support. Our business is our capital. We appreciate it, and hope to represent your interest.

"Respectfully,                                 Birmingham Commission Co."

A demurrer was filed to the indictment on the ground that there was no sufficient averment of a scheme to defraud. The demurrer was overruled, but we do not deem it necessary to consider the assignment of error based on that ruling. Conceding that the scheme is sufficiently charged, there must be proof of it before the plaintiff in error could be rightfully convicted. The evidence shows without conflict that Faulkner was in fact engaged in business as advertised by him. He had, in fact, a large business. There was uncontradicted evidence that he had made arrangements to secure and had secured a "cold storage" place for perishable foods. There was conflict in the evidence as to the size of the place, but that seems to us immaterial. The fact is he was simply advertising his business, and, if the advertisement contains some exaggerations, that does not constitute a scheme to defraud. It was shown that he failed to settle with some few of his patrons, and he offered to prove that he settled with large numbers of those who placed products in his hands for sale. The fact that one who advertises a business fails to make settlements with some of his creditors, the advertisements being substantially true, does not sufficiently tend to show a scheme or artifice to defraud to make it a question to be submitted to the jury. If the plaintiff in error is guilty of embezzlement, he may be prosecuted for that offense under the laws of the state.

After a close examination of all the evidence, which it would be entirely useless to copy into this opinion, we have reached the conclusion that there was no sufficient evidence before the jury to authorize the defendant's conviction of the offense charged. The charge requested by the plaintiff in error, directing the jury to acquit him, should have been given.

The judgment of conviction is reversed, and the cause remanded for a new trial.