LEWIS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1919.)

No. 3307.

POST OFFICE ⬤—35—USE OF MAILS TO DEFRAUD.

One using letters to induce shipments of produce, with the purpose of converting the proceeds, was guilty of a "fraudulent use of the mails," under Rev. St. § 5480, as amended, by the adoption of the Criminal Code, March 4, 1909 (section 215 [Comp. St. § 10385]), although the letters used stated, "You can ship them B. L. attached if you want to, or I will send you check as soon as they come in;" it not being necessary, to render one guilty of such offense, that the letters used disclose a fraud.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Jonathan K. Lewis was convicted of fraudulent use of the mails, and brings error. Affirmed.

Sam A. Montgomery, of New Orleans, La., for plaintiff in error.

Jos. W. Montgomery, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Plaintiff in error was indicted for "fraudulent use of the mails." The scheme charged involved the use of letters to induce shipments of produce and the purpose to convert the proceeds. The indictment is good. The case relied upon by plaintiff in error (Faulkner v. United States, 157 Fed. 840, 85 C. C. A. 204) holds that the fact that a circular sent out by a commission merchant contained exaggerations, and that he failed to settle with some of his patrons, would not sustain a conviction on an indictment under Revised Statutes, § 5480 (Comp. St. § 10385). With reference to fraudulent intent, the allegations in the instant case are more comprehensive than the proof in the Faulkner Case. Besides, the Faulkner Case was decided prior to the amendment effected by the adoption of the Criminal Code (Act March 4, 1909, c. 321, § 215, 35 Stat. 1130). The cases of Bettman v. U. S., 224 Fed. 819, 140 C. C. A. 265, and Tucker v. U. S., 224 Fed. 833, 140 C. C. A. 279, are conclusive against plaintiff in error's contention.

It is insisted that the letter set forth in the first count negatives the intent to defraud. The letter contains the following with reference to shipment of peas:

"You can ship them B. L. attached, if you want to, or I will send you check as soon as they come in."

If it were necessary that the "writing * * * sent by the post office establishment," as an element of the crime, disclose a fraud, that which would make it illegal would render it innocuous. It was not the purpose of the law to punish merely the incompetent in crime. Efficiency in fraud should not insure immunity. The letter may have

been well conceived to establish the relations necessary to the success of the scheme charged. Certainly the contrary could not be said, in the absence of a statement of facts.

No error is found, and the judgment is affirmed.